# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:14CR00007-2 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TRENT DONYA ANTWINE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Debbie H. Stevens, U.S. Attorney's Office, Abingdon, Virginia, for United States; Trent Donya Antwine, Pro Se Defendant.*

The defendant, Trent Donya Antwine, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on ineffective assistance of counsel claims. The government filed a Motion to Dismiss, and Antwine responded, making the matter ripe for disposition. After reviewing the record, I will grant the Motion to Dismiss.

## I.

Antwine and two codefendants were named in a multi-count Indictment. Antwine was charged with conspiring to have an inmate of a federal prison possess and obtain a prohibited object, specifically heroin, in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(d)(1)(C) (Count Six); and conspiring to knowingly and intentionally distribute and possess with the intent to distribute heroin, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 (Count Seven).  (Indictment 3-4, ECF No. 6.)

Antwine pleaded guilty, pursuant to a written Plea Agreement, to Count Seven and the government agreed to dismiss Count Six.  (Plea Agreement 1-2, ECF No. 58.)  The Plea Agreement provided that Antwine may be subject to a career offender enhancement, pursuant to United States Sentencing Guideline ("USSG") 4B1.1.  (*Id*. at 4.)  Antwine agreed to waive his right to collaterally attack his conviction and sentence except for claims of ineffective assistance of counsel.  (*Id*. at 8.)  Under the terms of the Plea Agreement, the parties agreed to jointly recommend a sentence of 84 months imprisonment.  (*Id*. at 3.)

At the guilty plea hearing, Antwine stated that he had had an adequate opportunity to read and discuss the Plea Agreement with counsel before signing it. (Change of Plea Hr'g Tr. 6, ECF No. 105.)  Antwine further affirmed that he was "fully satisfied with [his] lawyer's representation."  (*Id*.)  The prosecutor summarized the terms of the Plea Agreement.  (*Id*. at 7-11.)  The prosecutor noted that Antwine stipulated that he may be subject to the career offender enhancement. (*Id*. at 9.)  Both the prosecutor and I advised Antwine that he faced a maximum statutory penalty of not more than thirty years' imprisonment.  (*Id.* at 7, 13.)  I also advised Antwine that his sentence may be different than the estimate provided by

- 2 -

his counsel and that I was not bound by the recommended 84-month sentence provided by the parties. (*Id*. at 14.)

Antwine affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence except as to matters that cannot be waived under the law or that allege ineffective assistance of counsel. (*Id.* at 11.)  The prosecutor stated that the evidence against Antwine included phone recordings between Antwine, who was serving time in prison, and a civilian coconspirator who agreed to travel to the prison to provide heroin for distribution into the prison. (*Id*. at 17-18.)  Antwine did not dispute the facts against him, and stated that he understood what the government would have to prove for a jury to find him guilty. (*Id*. at 16, 18.)  He stated that he wanted to plead guilty because he was, in fact, guilty. (*Id*. at 16.)  I found Antwine to be fully competent and capable of entering an informed plea and determined that his guilty plea was knowing and voluntary. (*Id.* at 20.)

The Presentence Investigation Report ("PSR") recommended a total offense level of 15 and a criminal history category of IV, resulting in a guideline imprisonment range of 30 to 37 months. (PSR ¶ 56, ECF No. 111.)  The PSR did not classify Antwine as a career offender because some of his prior convictions were subject to a staleness limitation. (*Id*. at ¶¶ 27-40.)

- 3 -

At the sentencing hearing, the prosecutor informed the court that it was the government's position that Antwine was not bound by the terms of the Plea Agreement, including the recommendation of an 84-month sentence, because the Plea Agreement had been negotiated under the mistaken belief that he was a career offender. (Sentencing Hr'g Tr. 2, ECF No. 106.) Antwine's counsel stated that Antwine did not want to withdraw his plea because he was no longer bound by the sentencing provision and that she would argue for a sentence within the advisory guideline range of 30 to 36 months. (*Id*. at 3.) I asked Antwine if he wished to direct his counsel to withdraw his Plea Agreement, but Antwine affirmed that he did not and wanted to proceed with sentencing. (*Id*. at 5.) The prosecutor argued that even though Antwine was not a career offender, the court should consider him a "de facto career offender" based on his extensive criminal past and sentence him to 84 months' imprisonment. (*Id*. at 6.) Defense counsel argued for a within-guidelines sentence. (*Id*. at 8.)

I sentenced Antwine to 48 months' imprisonment, a variance above the advisory guideline range. In so doing, I considered the nature and circumstances of the crime, as well as the history and characteristics of Antwine, the need for the sentence imposed to both reflect the seriousness of the crime and to protect the public from potential further criminal conduct. (*Id*. at 11.) I also considered the advisory guideline range, the need to impose a sentence that is sufficient, but not

greater than necessary, the defendant's allocution and the arguments by counsel. (*Id.*) I concluded that a variance above the guideline range was appropriate because Antwine's criminal history spanned thirty years and he pleaded guilty to conspiring to introduce dangerous drugs into a maximum security prison, which is a very serious offense and "strikes at the heart of our corrections system." (*Id.* at 12.) Antwine did not appeal.

In his § 2255 motion, Antwine alleges that counsel provided ineffective assistance by (1) recommending that Antwine plead guilty to Count Seven in the indictment when he was not guilty of that crime; (2) refusing to investigate; (3) failing to provide him with discovery, to review discovery or to talk about the case with him; and (4) advising him that he qualified as a career offender. Antwine also argues that I erred by sentencing him above his guideline range. (§ 2255 Motion 5-8, ECF No. 100.)

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Antwine

- 5 -

bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

 *A. Ineffective Assistance of Counsel Claims.*

 First, Antwine argues that he received ineffective assistance because counsel advised him to plead guilty to Count Seven of his indictment when he was not, in fact, guilty. This claim is belied by Antwine's plea colloquy. At the hearing, Antwin did not dispute the government's evidence against him and stated, under oath, that he wanted to plead guilty because he was, in fact, guilty. (Change of Plea Hr'g Tr. at 16, 20, ECF No. 105.) Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Because Antwine admitted his guilt as to Count Seven, he cannot establish that counsel's advice to plead guilty prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (noting that in order to prevail on an ineffective assistance of counsel claim, a defendant must establish that counsel provided deficient performance and that counsel's actions prejudiced the defendant).

 Second, Antwine argues that counsel failed to investigate the claims against him by refusing to hire an investigator. However, he does not explain what

evidence he expects an investigator would have uncovered. General allegations that counsel failed to fully investigate are insufficient to support a finding of error. *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (citation omitted); *see also Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations that counsel failed adequately to investigate, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996).

Antwine also argues that counsel failed to provide him with discovery, review discovery, or discuss the case with him before he pleaded guilty. However, at his plea colloquy, Antwine stated that he had sufficient time to review and discuss his Plea Agreement with counsel prior to signing it, did not dispute the facts against him, and stated that he was satisfied with counsel's representation. He is bound by those statements and his claims to the contrary are unavailing. *Lemaster*, 403 F.3d at 221.

Finally, Antwine argues that counsel provided ineffective assistance because counsel was mistaken in believing that Antwine qualified as a career offender under USSG § 4B1.1. Antwine's counsel and the government negotiated a Plea Agreement with the mistaken understanding that Antwine was a career offender.

However, the misapprehension was discovered before sentencing. At the sentencing hearing, I asked Antwine if he wished to withdraw his Plea Agreement, but Antwine affirmed that he did not and wanted to proceed with sentencing. Defense counsel, no longer bound by the sentencing provision of the Plea Agreement, argued for a within-guidelines sentence.

Armed with the information that he was not a career offender, Antwine insisted on continuing with the sentencing hearing. Accordingly, Antwine cannot establish that he suffered prejudice from counsel's initial erroneous assessment of his criminal history. *Strickland*, 466 U.S. at 694 (noting that in order to establish prejudice a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

B. *Variant Sentence.*

Antwine also argues that I impermissibly sentenced him above his guideline range. In imposing a variance, the district court must adequately explain its decision; that explanation "must be tied to the factors set forth in [18 U.S.C.] § 3553(a) and must be accompanied by findings of fact as necessary." *United States v. Hernandez–Villanueva,* 473 F.3d 118, 122–23 (4th Cir. 2007). I reviewed the § 3553(a) factors, including the nature and circumstances of the crime, the history and characteristics of the defendant, and the need for the sentence to reflect the

- 8 -

seriousness of the crime and protect the public from further criminal conduct by the defendant. (Sentencing Hr'g. Tr. 11, ECF No. 106.) I also considered Antwine's advisory guideline range, and sentencing counsels' arguments. (*Id*.) Ultimately I concluded that a variance of eleven months above the top of the advisory guideline range was appropriate based on Antwine's thirty-year criminal history and the seriousness of the offense. Because I explained the basis for the upward variance, and tied this analysis to the § 3553(a) factors, Antwine cannot establish error. *Hernandez-Villanueva*, 473 F.3d at 123. This claim, too, fails.

III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: November 29, 2016

/s/ James P. Jones
United States District Judge